UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bank of America, N.A., | ) | C/A No. 2:15-2926-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Florine Beeson, | ) | |
| | ) | |
| Defendant. | ) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas. The Defendant thereafter removed this action to federal court on July 24, 2015. In removing this case to federal court, Defendant apparently assumed that Plaintiff was pursuing relief under 42 U.S.C. § 1983, some other federal statute granting jurisdiction in this Court, or that there is diversity of citizenship in this case, as the text of Defendant's Notice of Removal reveals that Defendant asserts jurisdiction "pursuant Title 28 US CODE SECTION 1446 for petition of this court for reasons of diversity: federal questions of law, diversity of citizenship, basic constitutional rights violation, C-TITLE 5 U.S. CODE SECTION 706[1] & SECTION 556-D[2] NO PROOF OF JURISDICTION." However, Plaintiff has filed a motion to remand this action to the South Carolina Court of Common Pleas, stating that it is only asserting claims in this case under South Carolina law,

---

[1]This code section deals with judicial review of rulings by federal agencies.

[2]This code section deals with hearing requirements of federal government agencies.



and that there is no diversity jurisdiction in this case. In a response, Defendant states that she objects, but provides no additional argument.

In order for this Court to hear and decide a case, the Court must have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute; Willy v. Coastal Corp., 503 U.S. 131, 136-137 (1992); and because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Turner v. Bank of North America, 4 U.S. 8, 11 (1799). Further, a defendant in a state court case may remove that case to a federal district court only if the state court action could have been filed in a federal district court, and the defendant seeking removal has the burden of establishing federal jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005)[The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence]. Additionally, because the federal courts have limited jurisdiction and removal jurisdiction raises federalism concerns, a district court must strictly construe the removal statutes, with any doubts about federal jurisdiction to be resolved against removal. Chesire v. Coca-Cola Bottling Affiliated, Inc., 758 F.Supp. 1098, 1102 (D.S.C. 1990); see also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004)[Courts are obligated to "construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated."(quoting Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994))]; In re Prempro Products Liability Litigation, 591 F.3d 613, 620 (8th Cir. 2010))["All doubts about federal jurisdiction should be resolved in favor of remand to state court."](citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).

2



A review of the pleadings and filings in this case, as well as the complaint filed in state court (case number 2009-CP-10-4869),[3] confirms that this is a state law foreclosure action, and that the Plaintiff has not asserted any federal claims so as to establish federal question jurisdiction in this Court. While Defendant also purports to remove this action based on diversity jurisdiction; see 28 U.S.C. § 1332(a); "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Defendant is a citizen of the State of South Carolina. Therefore, removal of this case by the Defendant was not proper. Further, it is readily apparent that the Defendant also did not affect removal of this case within thirty (30) days after receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, as required by statute. See 28 U.S.C. § 1446(b)(1).

---

[3] Defendant did not file all of the pleadings from the state court action, although a defendant desiring to remove a civil action from state court "shall file...a copy of all process, pleadings, and orders served upon such defendant...in such action. 28 U.S.C. § 1446(a). Even so, this Court may take judicial notice of factual information located in postings on government websites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]. The complaint in the state court action is available on the Charleston County Public Index. See Charleston County Circuit Court Case Details Public Index, http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10002&Casenum=2009CP100486 9&CaseType=V (last visited Aug. 19, 2015).



Therefore, it is **recommended**[4] that Plaintiff's motion to remand be **granted**. The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 19, 2015
Charleston, South Carolina

---

[4] While many Courts have held that an order of remand is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it has not been firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992). While the undersigned has issued remand orders in other cases under different circumstances, since Defendant Beeson is pro se, out of an abundance of caution a Report and Recommendation, instead of an Order, is being entered.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

