IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bank of America, N.A., ) | | |
| ) | C/A No. 2:15-2926-RMG | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | **ORDER** | |
| Florine Beeson, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 15), recommending that the Court grant Plaintiff's motion to remand (Dkt. No. 4). For the reasons stated below, the Court ADOPTS the R & R and GRANTS the motion to remand.

## I. Background

Plaintiff Bank of America originally filed this foreclosure action in state court on August 5, 2009. (Dkt. No. 4 at 2). Defendant Florine Beeson, a resident of South Carolina, filed a pro se notice of removal (Dkt. No. 1) on July 24, 2015. Beeson's notice of removal asserts jurisdiction under several theories, including diversity jurisdiction, federal question jurisdiction, and protection of constitutional rights. (See Dkt. No. 1). Bank of America filed a motion to remand the action to state court, stating that there is no diversity jurisdiction and that it is only asserting claims under South Carolina law. (Dkt. No. 4). Beeson filed timely objections. (Dkt. No. 18).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

1

Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

### III. Discussion

In her objections to the R & R, Defendant argues that (1) there is a federal question of law, (2) the parties are diverse, and that (3) there is a "federal question of constitutional rights." (Dkt. No. 18). None of these objections has merit.

Federal courts are courts of limited jurisdiction; their authority is limited to the subject matter authorized by the Constitution or Congress. Willy v. Coastal Corp., 503 U.S. 131, 136–37 (1992). In addition, a state-court defendant may remove a case to federal district court only if the original action could have been filed in a federal district court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Finally, the federalism concerns that removal raises requires district courts to strictly construe removal statutes, resolving any doubts about federal jurisdiction against removal. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

Here, Plaintiff's complaint and the associated filings[1] do not contain any federal claims that would establish federal question jurisdiction. Furthermore, because Defendant is a citizen of South Carolina, the action is not removable on the basis of diversity jurisdiction. See 28 U.S.C.

---

[1] Although 28 U.S.C. § 1446(a) requires a defendant who wishes to remove a civil action from state court to "file a copy of all process, pleadings, and orders," Defendant Beeson did not do so here. This Court may, however, take judicial notice of factual information located on postings on government websites. See Tisdale v. South Carolina Highway Patrol, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 964 (4th Cir. August 27, 2009). The complaint and other associated filings are available through the Charleston County Circuit Court Case Details Public Index, which can be located by typing the case number (2009CP1004869) into the search tool located at http://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx.

§ 1441(b)(2) ("A civil action . . . may not be removed if any of the parties in interest . . . is a citizen of the State in which such action is brought."). Finally, Defendant filed the notice of removal well after the thirty-day deadline imposed by 28 U.S.C. § 1446.

## IV. Conclusion

For the reasons stated above, the Court ADOPTS the R & R (Dkt. No. 15) as an Order of this Court. Accordingly, Plaintiff's motion to remand (Dkt. No. 4) is GRANTED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 15, 2015
Charleston, South Carolina

3